█ EDWARD W. KRAGEL, Appellant, v ANIMAL HOSPITAL OF THE ROCKAWAYS, Respondent. [774 NYS2d 766]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Golar, J.), dated March 14, 2003, which granted the defendant's motion for summary judgment dismissing the complaint, and (2), as limited by his brief, from so much of an order of the same court dated June 25, 2003, as, upon reargument, denied his cross motion to compel discovery and adhered to its original determination granting the defendant's motion for summary judgment dismissing the complaint.

Ordered that the appeal from the order dated March 14, 2003, is dismissed, as that order was superseded by the order dated June 25, 2003, made upon reargument; and it is further,

Ordered that the order dated June 25, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff allegedly was injured when he slipped and fell in the waiting room of the defendant's animal hospital. The plaintiff had his family's dog on a leash when the dog "yank[ed]" on the leash and pulled the plaintiff who spun around, slipped, and fell to the floor.

The plaintiff testified at his deposition that one cause of the accident was the "jerk" the dog gave him. He also testified that at the time of his fall, portions of the floor had been mopped because his dog had been drooling on the floor. He further testified that he thought the area where he slipped had been mopped "because [he] could see it was shinier than the rest of the floor."

Based upon the plaintiff's testimony, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. Upon reargument, the Supreme Court denied the plaintiff's cross motion to compel discovery, and adhered to its original determination granting the defendant summary judgment dismissing the complaint. We affirm insofar as appealed from.

The defendant established its prima facie entitlement to judg-

ment as a matter of law by demonstrating that the sole proximate cause of the accident was the conduct of the plaintiff's dog. In opposition, the plaintiff failed to raise a triable issue of fact. Further, it is well settled that the mere hope that further discovery might reveal something helpful to a plaintiff's case does not provide a basis for postponing a determination of a motion for summary judgment (*see Petitpain v Curti*, 269 AD2d 376 [2000]). Ritter, J.P., S. Miller, Goldstein and Adams, JJ., concur.